IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-3024-M

JUAREZ WHEELER,                )
                               )
            Plaintiff,         )
                               )
    v.                         )      **ORDER**
                               )
FCC BUTNER, et al.,            )
                               )
            Defendants.        )

On January 25, 2023, Juarez Wheeler ("Wheeler"), a federal inmate proceeding pro se and in forma pauperis, filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1, 4, 10]. Wheeler moves to "combine" his action with that of another inmate [D.E. 5, 6]. As explained below, the court reviews all of Wheeler's filings, denies Wheeler's motions, dismisses the action in part, and directs Wheeler to file a response to this order.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a), (b)(1). A frivolous claim "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, "and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

When Wheeler filed this action, he was incarcerated at the federal prison in Butner, North Carolina ("FCI Butner"). See [D.E. 1] 4. The allegations of Wheeler's complaint arose at both FCI Butner and the Federal Correctional Institution in Fairton, West Virginia ("FCI Fairton"). See id. at 1; [D.E. 5] 1; [D.E. 6] 6. Wheeler alleges that in 2019, while he was incarcerated at FCI Fairton, another inmate ("Whiteman") assaulted Wheeler, resulting in serious injuries, while correctional officers did not intervene to stop the assault. See [D.E. 1] 1–2; [D.E. 5] 1–2; [D.E. 6] 5–7. Wheeler "was sent to FCI Butner and a couple years passed." [D.E. 1] 2 (cleaned up). Wheeler further alleges that in 2022, a different inmate ("Lopez") was transferred to FCI Butner and began to threaten Wheeler, informing Wheeler that he "was here to finish the business of Whiteman and Lopez was paid handsomely." [D.E. 1] 2 (cleaned up); see [D.E. 5] 2; [D.E. 6] 5–6. Wheeler brought the issue to the attention of unspecified correctional staff, who ignored his concerns and did not initiate separation orders or other protection for Wheeler. See [D.E. 1] 2; [D.E. 5] 2; [D.E. 6] 8.

Wheeler and Lopez got into a fight, which Wheeler characterizes as self defense, and

2

Wheeler was convicted of a disciplinary infraction resulting in a loss of sentence credit.[1] See [D.E. 1] 2; [D.E. 5] 2. Wheeler was transferred to the special housing unit, and describes the conditions in that unit, including inadequate food, as "inhumane[]" and "a violation of human rights." [D.E. 1] 3–4; see [D.E. 5] 3–4; [D.E. 6] 5. Wheeler names as defendants the inmates who assaulted him, various iterations of the prisons where the assaults happened, the Federal Bureau of Prisons, and the wardens and unspecified correctional staff. See [D.E. 1] 1; [D.E. 5] 1; [D.E. 6] 3–4. Wheeler seeks millions of dollars in monetary damages and requests appointment of counsel and to proceed as a class action with another inmate. See [D.E. 6] 1, 8.

II.

A.

The court begins with Wheeler's allegations arising at FCI Fairton. The court dismisses these claims and defendants without prejudice to allow Wheeler to refile them in the District of New Jersey, where FCI Fairton is located. See, e.g., 28 U.S.C. § 1391(b); Fed. R. Civ. P. 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

As for Wheeler's motions and requests to "combine" his case with that of another inmate, to proceed as a class action, and for appointment of counsel, see [D.E. 5, 6], Wheeler and the other inmate fail to meet the criteria for permissive joinder and cannot proceed as a class action without counsel. See, e.g., Fed. R. Civ. P. 20(a)(1); Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005);

---

[1] To the extent Wheeler's complaint raises any due-process challenge to the disciplinary proceeding, the claim is foreclosed by the Supreme Court's holding in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017). See Fiorito v. Segal, No. 20-1559, 2022 WL 4809726, at *3 (7th Cir. Oct. 3, 2022) (unpublished).

3

Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); Ofori v. Clarke, No. 7:18-cv-00587, 2019 WL 4344289, at *2–3 (W.D. Va. Sept. 12, 2019) (unpublished); Boretsky v. Corzine, Civil Action No. 08-2265 (GEB), 2008 WL 2512916, at *4–6 (D.N.J. June 23, 2008) (unpublished) ("[T]he impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of prisoner plaintiffs otherwise allowed by Rule 20(a)(1)."), aff'd sub nom., Boretsky v. Governor of N.J., 433 F. App'x 73 (3d Cir. 2011) (per curiam) (unpublished). Wheeler's request for appointed class counsel does not alter this conclusion. See Brooks v. Mnuchin, No. 7:21-CV-00223, 2021 WL 1722900, at *3 (W.D. Va. Apr. 30, 2021) (unpublished). No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Instead, the existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Wheeler's abilities do not present exceptional circumstances. Accordingly, the court denies Wheeler's motions and requests.

B.

The Eighth Amendment protects inmates from cruel and unusual punishment. See, e.g., Wilson v. Seiter, 501 U.S. 294, 296–97 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In order to survive frivolity review on a claim that prison conditions violate the Eighth Amendment, a plaintiff must plausibly allege "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (quotation and

4

alterations omitted); see In re Long Term Admin. Seg. of Inmates Designated as Five Percenters, 174 F.3d 464, 471–72 (4th Cir. 1999), abrogated on other grounds by Porter v. Clarke, 923 F.3d 348 (4th Cir. 2019); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). "Only an extreme deprivation, that is, a serious or significant physical or emotional injury resulting from the challenged conditions, or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim challenging conditions of confinement." De'lonta, 708 F.3d at 525 (quotation omitted). In prison condition cases, the subjective prong requires the prisoner to show that the prison official acted with deliberate indifference. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834–35 (1994); De'lonta, 708 F.3d at 525; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379.

"[D]eliberate indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See id. at 837–38; De'lonta, 708 F.3d at 525; Rish, 131 F.3d at 1096. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "It is not enough that the [prison official] should have recognized" the objectively serious condition, medical need, or risk of harm. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (cleaned up). Rather, a plaintiff must allege "actual knowledge of the risk of harm to the inmate." Id. (emphasis omitted). Actual knowledge can be shown by circumstantial evidence. See Makdessi v. Fields, 789 F.3d 126, 133–34 (4th Cir. 2015).

Beyond such knowledge, the prison official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate." Iko, 535 F.3d at 241 (quotation and emphasis

5

omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010); see Wilson, 501 U.S. at 298–99. Deliberate indifference "sets a particularly high bar to recovery." Iko, 535 F.3d at 241.

Wheeler's allegations that correctional staff at FCI Butner failed to protect him from the assault by Lopez and subjected him to unconstitutional living conditions in his special housing unit cell are not clearly frivolous. However, Wheeler has not named any defendant amenable to suit. To state a Bivens claim, a plaintiff must plausibly allege that a federal actor violated his constitutional rights. See Bivens, 403 U.S. at 395–97. Accordingly, Wheeler cannot name the Bureau of Prisons, a fellow inmate, a federal prison, or unspecified prison staff as a defendant. See, e.g., FDIC v. Meyer, 510 U.S. 471, 473 (1994); Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007); Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. 2000) (per curiam) (unpublished table opinion); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996); Schiff v. Kennedy, 691 F.2d 196, 197–98 (4th Cir. 1982). Therefore, the court dismisses these defendants.

As for Warden Kelly, Wheeler alleges at most that Kelly acted in a supervisory capacity over the prison staff directly involved in the allegations of Wheeler's complaint. A Bivens claim, however, may not be based on respondeat superior. See, e.g., Iqbal, 556 U.S. at 676; Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–94 (1978). A supervisor may be held responsible for a subordinate's unconstitutional act only if the supervisor was involved personally or participated in the unconstitutional act. See, e.g., Iqbal, 556 U.S. at 675–77. Wheeler has not plausibly alleged Kelly's direct involvement sufficient to hold Kelly liable

6

for the acts of others. Cf. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Accordingly, the court dismisses Kelly.

Wheeler may amend his complaint to name specific defendants in connection with his claims concerning the failure to protect him from the assault by Lopez and the conditions of his cell in the special housing unit and explain their role in the allegations of his complaint. Wheeler shall file his response on or before July 7, 2023. The court warns Wheeler that his response must be limited to naming defendants directly involved in his remaining claims and specifically explaining each defendant's role in the claims. This directive is not an invitation to make new claims. The court will review Wheeler's response pursuant to 28 U.S.C. § 1915(e)(2)(B). If Wheeler does not file any response, the court will dismiss the action without prejudice.

III.

In sum, Wheeler may proceed with his claims concerning the failure to protect him from the assault by Lopez and the conditions of his cell in the special housing unit, but must file a response to this order on or before July 7, 2023, naming defendants directly involved in his remaining claims and specifically explaining each defendant's role in the claims. The court DENIES Wheeler's motions [D.E. 5, 6], and DISMISSES all other claims and all defendants.

SO ORDERED this 12Th day of June, 2023.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge

7